MUNICIPIO DE PONCE, DEMANDANTE Y APELANTE, *v.* SOLÍS, DEMANDADO Y APELADO.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre demolición de propiedad.

No. 1523.—Resuelto en abril 12, 1917.

DEMOLICIÓN DE PROPIEDAD—INFRACCIÓN DE ORDENANZAS MUNICIPALES.—Cuando una ordenanza municipal dispone que las obras que se lleven a cabo sin licencia, con abuso de ella o con infracción de la misma será demolida a costa del propietario, si fuere de las que no hubiere podido autorizarse su ejecución o no debiera permitirse su subsistencia o reforma, no basta con probar que se ha hecho una obra sin cumplir los requisitos de dicha orde-

nanza, pues debe probarse además que no hubiera podido autorizarse la construcción o que es de tal naturaleza que no debe permitirse su subsistencia.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Llorens & Canales.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En el Municipio de Ponce se hallaba en vigor en el año 1915 una ordenanza aprobada en 22 de abril de 1909 según la cual toda persona que deseare construir casas en la zona urbana tendría que obtener antes licencia del alcalde, presentar planos por duplicado de la nueva construcción indicando la planta del solar, la cimentación o distribución de pilares o zocos, las plantas sucesivas de los distintos pisos y techumbres, la vigotería, la alzada de la fachada principal y laterales, los cortes diversos del edificio, construir sumidero para que las aguas mueran en él, o en su defecto embutir en la pared conducto para que dichas aguas se viertan en la cuneta, dejar un espacio de un metro a cada lado de la casa que se construya y las contiguas, tener los dormitorios nueve metros cuadrados de superficie y ser el ingeniero municipal quien deba dar la línea para principiar la construcción.

Según la sección 45 de esa ordenanza toda obra que se lleve a cabo sin licencia, con abuso de ella, o con infracción de la ordenanza y de las demás vigentes en la materia, será demolida a costa del propietario, si fuese de las que no hubiese podido autorizarse su ejecución o no debiera permitirse su subsistencia o reforma.

Fundándose el Municipio de Ponce en que Juan Solís pidió y obtuvo permiso del Alcalde de Ponce, allá por el 26 de agosto de 1914, para reparar una casa de su propiedad, terrera, de maderas, marcada con el número 53 de la calle Isabel de la ciudad de Ponce y que en vez de repararla hizo una nueva construcción de maderas, de dos pisos, sin cumplir con los requisitos antes mencionados, exigidos por la ordenanza que

estaba vigente, presentó demanda contra él en la Corte de Distrito de Ponce en 4 de mayo de 1915 solicitando que se ordenase la demolición de lo entonces construído. Seguido el pleito por sus trámites y aportadas las pruebas, recayó sentencia declarando sin lugar la demanda sin especial condena de costas, contra la cual interpuso el demandante Municipio de Ponce el presente recurso de apelación.

En vista de que el demandante ha dejado de probar un hecho esencial de su demanda, por cuyo motivo se sostiene la sentencia apelada, dejaremos a un lado las varias cuestiones que podrían surgir en este caso si el apelante hubiera presentado dicha prueba.

En efecto, según la sección 45 que hemos transcrito de la ordenanza en cuestión, el mero hecho de infringirla no lleva consigo que la demolición de lo que se construya haya de tener lugar sino que la construcción hecha en contravención de la ordenanza debe ser de tal naturaleza que no hubiera podido ser autorizada su ejecución o no debiera permitirse su subsistencia o reforma. Por consiguiente, no le bastaba al municipio probar que el apelado había hecho una nueva construcción de dos pisos sin cumplir con los requisitos a que se refiere la citada ordenanza sino que tenía que probar además que no hubiera podido autorizar la construcción que hizo Solís, o que es de tal naturaleza que no debe permitirse su subsistencia. La prueba aportada a este juicio para fallarlo no abarcó estos extremos y, por tanto, de acuerdo con la máxima de derecho *actore non probante reus est absolvendus,* se sostiene la sentencia que declaró sin lugar la demanda y debemos confirmarla.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.